IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ARMANDO ARMENDARIZ-GARCIA,

       Petitioner,         ORDER

 v.

                        12-cv-659-wmc

WARDEN ROBERT WERLINGER,

       Respondent.

---

  Petitioner Armando Armendariz-Garcia is incarcerated in Federal Correctional Institution at Oxford, Wisconsin (FCI-Oxford). He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the result of a prison disciplinary proceeding. He also has paid the filing fee.

  This case is currently before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the provisions of which also apply to habeas corpus petitions filed under § 2241. This review shows that Armendariz-Garcia was charged with violating Offense Codes 105 and 106 by rioting and encouraging others to riot. According to the disciplinary hearing officer's written report, which is attached to the petition, Armendariz-Garcia also was charged with engaging in conduct that caused a disruption of the "greatest severity" in violation of Offense Code 199, for his role during the riot. That riot erupted on January 31, 2009, among the prison population at the Reeves County Detention Center near Pecos on the western edge of Texas. It took prison officials five days to end the riot and regain control of the prison, which sustained extensive property damage, including the total destruction of one building ("Reeves I") and significant damage to another ("Reeves II").

  After the riot, Armendariz-Garcia was transferred from the Reeves County Detention Center to FCI-Oakdale in Louisiana. He was given written notice of the charges on April 7, 2009, and advised of his rights on April 22, 2009. A Spanish-speaking staff representative was

appointed to assist him and a disciplinary hearing was held on April 30, 2009. In a written decision dated May 26, 2009, Disciplinary Hearing Officer R. Wiley found Armendariz-Garcia guilty of rioting and encouraging others to riot, but dismissed the disruptive conduct charge as redundant. Officer Wiley imposed sanctions that resulted in the loss of 41 days of "good conduct time" (*i.e.*, "good-time credit"). Armendariz-Garcia also lost visitation and telephone privileges for one year as a result of the disciplinary conviction. A copy of the disciplinary hearing officer's written report was delivered to Armendariz-Garcia on July 10, 2009.

Armendariz-Garcia filed an administrative appeal on July 20, 2009. The regional administrative remedy coordinator rejected the appeal on August 6, 2009, for procedural shortcomings. According to the rejection notice, which was received at FCI-Oakdale on August 10, 2009, the disciplinary appeal was deficient because Armendariz-Garcia did not include a copy of the disciplinary hearing report or identify the charges and date of the decision that he wished to challenge. In addition, the appeal was returned because it was not written in English. The rejection notice advised Armendariz-Garcia that he could have a staff member or another inmate assist him with translating, if necessary. On August 14, 2009, Armendariz-Garcia was placed at an "in-transit" facility in Oklahoma. He was transferred to FCI-Oxford on September 8, 2009.

On October 12, 2010, Armendariz-Garcia filed another appeal, arguing that he was denied an opportunity to correct the procedural defects and resubmit his previous, rejected appeal because he was "in transit" and did not receive timely notice. The regional office received the appeal on October 18, 2010. On November 9, 2010, the regional administrative remedy coordinator rejected Armendariz-Garcia's appeal as untimely. Armendariz-Garcia filed another

appeal with the regional office on March 14, 2012, which also was rejected as untimely on March 29, 2012.

On July 19, 2012, Armendariz-Garcia filed the pending petition for relief from the disciplinary sanction under 28 U.S.C. § 2241.[1]  Liberally construed, Armendariz-Garcia argues that the disciplinary conviction violated his right to due process because (1) he was denied effective assistance of counsel because his staff representative (Officer D. Ontiverous) served only as an interpreter and did not interview or call witnesses on his behalf; (2) he was not allowed to present his side of the story because the hearing officer disregarded his written statement, which was in Spanish; (3) the disciplinary hearing officer based his decision on information obtained by a confidential informant, whom Armendariz-Garcia was not able to confront or cross-examine; (4) the incident occurred on January 31, 2009, but the incident report did not issue until April 1, 2009.  Noting that "various other" inmates who were found guilty in connection with the same incident have had their good time returned, Armendariz-Garcia asks for relief from the disciplinary conviction and for the return of his 41 days of previously earned good-time credit.

This preliminary review suggest that Armendariz-Garcia failed to exhaust available administrative remedies in compliance with Bureau of Prisons procedures.  As a result, it appears that court review is barred by the doctrine of procedural default.  Even so, the court will give Armendariz-Garcia the opportunity to provide input on this issue before ruling on it.

---

[1] Although the incident giving rise to the petition did not occur in this district, venue is proper here because the petitioner now is incarcerated at FCI-Oxford, where Warden Robert Werlinger is his custodian.  *See Moore v. Olson*, 368 F.3d 757, 758-60 (7th Cir. 2004) (observing that proper venue for a petition under 28 U.S.C. § 2241 is the district where petitioner is incarcerated); *al- Marri v. Rumsfeld*, 360 F.3d 707, 712 (7th Cir. 2004) (noting that the official having custody is the proper respondent in a habeas case under § 2241).

3

I. <u>Exhaustion of Administrative Remedies</u>

Federal prisoners seeking a writ of habeas corpus under 28 U.S.C. § 2241 are required to exhaust administrative remedies, *i.e.*, the remedies available within the prison system, before seeking review in federal court. *See Del Raine v. Carlson*, 826 F.2d 698, 703 (7th Cir. 1987) (citing *Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir. 1986)). Federal courts may only review a habeas corpus petition under § 2241 after the petitioner has exhausted all administrative remedies. *Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992); *United States v. Brumbaugh*, 909 F.2d 289, 290 (7th Cir. 1990) (citing *Ramsey v. Brennan*, 878 F.2d 995, 996 (7th Cir. 1989)).

Exhaustion of administrative remedies "'means using all the steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper exhaustion requires a prisoner "to file complaints and appeals in the place, and at a time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Woodford*, 548 U.S. at 90-91 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."). If a prisoner fails to comply with the agency's grievance procedures, then prison administrators may refuse to consider his appeal. *Pozo*, 286 F.3d at 1025; *see also Woodford*, 548 U.S. at 89–90.

The Bureau of Prisons has a multi-tiered administrative remedy program through which an inmate may seek "formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. §§ 542.10-542.19. Ordinarily, this process requires a federal prisoner to file his initial grievance on a BP-9 form within 20 days of the from the date on which the basis

4

for the grievance occurs. 28 C.F.R. § 542.14. If dissatisfied with the disposition of his initial grievance, the inmate may appeal to the regional director using a BP-10 form. 28 C.F.R. § 542.15. Where disciplinary sanctions are at issue, a prisoner files his initial appeal with "the Regional Director for the region where the inmate is currently located." 28 C.F.R. § 542.14(d). If he is dissatisfied with the result at the regional level, the prisoner must appeal further to the General Counsel by submitting a BP-11 form within 30 calendar days of the Regional Director's decision. 28 C.F.R. § 542.15(a). Appeal to the General Counsel is the final level of administrative appeal. *Id*.

Armendariz-Garcia has provided a chronology of his disciplinary proceeding, which includes records from his appeals from the disciplinary hearing officer's decision. Armendariz-Garcia admits that his initial appeal was rejected at the regional level in August 2009, for failure to comply with agency procedures. His subsequent attempts to appeal in 2010 and 2012 were rejected by the regional office as untimely. Armendariz-Garcia did not appeal any of these decisions to the General Counsel or complete the final level of administrative remedies in compliance with agency procedures. *See* 28 C.F.R. § 542.15.

A prisoner's failure to file a timely grievance in accordance with prison procedures constitutes a failure to exhaust properly. *See Woodford*, 458 U.S. at 87-90. Likewise, a prisoner's failure to appeal the denial of a grievance or to pursue his claim through each level of available administrative review constitutes a failure to exhaust. *Dixon v. Page*, 291 F.3d 485, 489 (7th Cir. 2002). When a prisoner fails to comply with agency rules or exhaust remedies and it is too late for him to do so, federal review is barred by the doctrine of procedural default. *See Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).

## II. Doctrine of Procedural Default

Where a procedural default has occurred, federal habeas corpus review is available only if the petitioner can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Steward v. Gilmore*, 80 F.3d 1205, 1211-12 (7th Cir. 1996). Cause to overcome a procedural default requires a showing "that some objective factor" that prevented compliance with the procedural rule. *Coleman*, 501 U.S. at 753 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To show prejudice, a petitioner must present evidence that the alleged violations "worked to his actual and substantial disadvantage," which infected his entire proceeding with "error of constitutional dimensions." *Perruquet v. Briley*, 390 F.3d 505, 515 (7th Cir. 2004) (citation omitted). A fundamental miscarriage of justice is established only where the petitioner presents evidence showing that a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the charged offense. *Dretke v. Haley*, 541 U.S. 386, 393 (2004) (citation and quotation omitted).

Because procedural default is an affirmative defense, Armendariz-Garcia was not required to show cause and prejudice or actual innocence in his petition. *Perruquet*, 390 F.3d at 515. Nevertheless, a court may raise an affirmative defense before requiring the respondent to answer if "it is so plain from the language of the complaint and other documents in the court's files that it renders the suit frivolous." *Gleash v. Yuswak*, 308 F.3d 758, 760-61 (7th Cir. 2002) ("Under the circumstances there was no point to serving the defendants with process, forcing them to engage counsel, and then waiting for the inevitable motion to dismiss."). In light of the

6

petitioner's apparent failure to exhaust administrative remedies in compliance with agency procedures, a motion to dismiss the petition as procedurally barred is "inevitable" in this case.

Therefore, Armendariz-Garcia may have an opportunity to overcome his default by supplementing his petition to explain (1) what cause he may have for his failure to properly present his defaulted claims in a timely appeal or to complete the appeals process through the final administrative level; and (2) what prejudice he suffered as a result of his failure to raise these claims properly; or (3) whether he is actually innocent of the offense that resulted in the loss of good-time credits at issue. He should label his document as a "supplement" to his petition for a writ of habeas corpus under § 2241, and he must make sure to declare that any statements he makes in the supplement are made under penalty of perjury. 28 U.S.C. § 2242 (petition must be "signed and verified" by petitioner).

## ORDER

IT IS ORDERED THAT:

1. Not later than February 4, 2013, petitioner is may file a written supplement to his petition showing cause, if any, why his petition should not be dismissed as barred by the doctrine of procedural default.

2. Petitioner is advised that, if he does not respond to this order as directed, then this case may be dismissed without further notice for lack of prosecution, under F.R. Civ. P. 41(b).

Entered this 4th day of January, 2013.

BY THE COURT:

/s/
STEPHEN L. CROCKER
Magistrate Judge